## BISHOP v. METROPOLITAN COURT OF DADE COUNTY, et al.

No. 65-L-5211.

Circuit Court, Dade County.
January 5, 1966.

Leonard H. Rubin, Miami, for petitioner.

Richard E. Gerstein, State Attorney, John P. Durant, Ass't. State Attorney,for respondents.

RAY PEARSON, Circuit Judge.

*Peremptory writ of mandamus and final judgment in mandamus:* This cause came on before me, the undersigned, one of the judges of the above-styled court, upon a hearing on alternative writ of mandamus and rule to show cause, and after argument by counsel for each of the respective parties, and after due consideration and deliberation in the premises, this court makes the following findings of fact —

The petitioner, Willie Lee Bishop, by and through his attorney, Leonard H. Rubin, filed a petition for writ of mandamus, alleging that the petitioner was arrested on or about January 4, 1964, and charged with "driving while under the influence of intoxicating beverage", pursuant to the Code of Metropolitan Dade County, section 30-15. The petitioner thereafter demanded a trial by jury, but the metropolitan court of Dade County, and the Honorable Arthur Maginnis, judge of said court, entered an order denying petitioner a jury trial, said order being dated the 2nd day of December, 1965, and scheduling the case no. 4-002689, for a non-jury trial on January 10, 1966.

The respondents, represented by the state attorney for Dade County, filed their response to alternative writ of mandamus and rule to show cause and motion to quash, on the 28th day of December, 1965, which response does not deny the fact stated in the petition for writ of mandamus, which petition had been made a part of the alternative writ of mandamus and rule to show cause, and therefore the facts referred to are deemed to have been admitted.

The response does not deny the sections of the charter and code of Metropolitan Dade County, as to their existence or as to their quoted content and this court finds that section 6.15 (D), Charter of Metropolitan Dade County, as enacted by the legislature of the state of Florida states as follows —

"No person shall upon conviction for the violation of any county ordinance be punished by a fine exceeding $1,000 or imprisonment in the county jail for more than one year or by both such fine and imprisonment. If the offense is punishable by a fine exceeding $500 or imprisonment in the county jail for more than 60 days, the accused shall be entitled to a trial by jury upon demand."

The home rule charter for Metropolitan Dade County — the above quoted provision being a part thereof — was adopted at referendum by the people of Dade County on May 21, 1957, and is recorded in official records book 182, page 667, public records of Dade County.

Thereafter, the county commissioners of Metropolitan Dade County took cognizance of the quoted section and enacted section 11-14 of the code, which section states as follows —

"If an offense is punishable by a fine exceeding five hundred dollars or by imprisonment in the county jail for more than sixty days, the accused is entitled to a trial by jury upon demand made at any time before the commencement of his trial."

Then the county commissioners enacted section 30-15 of the code, the relevant portion thereof stating as follows —

"Every person who is convicted of a violation of subsection (a) shall for first conviction thereof be punished by imprisonment for not less than forty-eight hours nor more than sixty days or by a fine of not less than one hundred dollars nor more than five hundred dollars, *or by both such fine and imprisonment.*"

The words, "or by both such fine and imprisonment" give the metropolitan court the right to fine the petitioner, as well as any member of the general public, who is found guilty of violating section 30-15 (driving while under the influence of intoxicating liquor) up to $500, and to sentence to imprisonment up to 60 days.

Thus, whereas the charter provision, section 11-14, permits punishment of up to $500 *or* imprisonment up to 60 days, without the necessity of providing a jury trial, the code, section 30-15, provides for a fine of up to $500, or imprisonment for 60 days *"or by both such fine and imprisonment"* — which the metropolitan court has been interpreting to deny trial by jury to accused violators thereof.

It is noteworthy that section 1-2 (h) of the code defines the word "shall" as "always mandatory and not merely directory", which definition stresses the charter provision, section 6.15 (D), that — "the accused shall be entitled to a trial by jury upon demand" where the "offense is punishable by a fine exceeding $500 or imprisonment in the county jail for more than 60 days."

The word "exceeding" cannot be limited to the confined construction that it has been given in the metropolitan court, but a liberal construction — to which a defendant is entitled — manifestly indicates that a fine of up to $500 *together with* imprisonment of up to 60 days is more than either a fine of up to $500 *or* imprisonment of up to 60 days.

Further, the metropolitan court may impose an additional alternative jail sentence in lieu of imposition of a fine. Thus a violator may conceivably be imprisoned for more than 60 days. It was apparently the intention of the legislature to grant such defendants the right to a trial by jury.

This court finds that the cases of Boyd v. County of Dade, and Todd v. County of Dade (Florida Supreme Court 1960), 123 So. 2d 323, held that defendant in the metropolitan court was not entitled to a trial by jury based upon constitutional grounds, particularly the Declaration of Rights of the constitution of the state of Florida. The points raised in the petition for writ of mandamus

are upon different grounds — and demonstrate that the sections of the code must bow to the charter.

Therefore, it is the conclusion of this court that it is a mere ministerial duty for the respondents to cause a trial by jury to be granted under the circumstances outlined hereinabove, and that the respondents have the power to grant such a trial by jury, and that the right to a trial by jury is a very important and valuable right. This court further concludes that there is no other plain, speedy or adequate remedy in the course of law, and that the respondents herein threaten to and will proceed with a non-jury trial of case no. 4-002689, in the metropolitan court on January 10, 1966, against Willie Lee Bishop, and that petitioner is the real party in interest herein, and that the citizenry of Metropolitan Dade County, as well as all persons who are tried in the metropolitan court for such or similar offense, or subject to such or similar penalty, have been and may be wrongfully denied the right of trial by jury.

Therefore, it is ordered and adjudged — (1) That the respondent's motion to quash is denied. (2) That the respondents, the metropolitan court for Dade County, and Honorable Arthur Maginnis, judge, are hereby ordered, and this mandate is hereby directed to said respondents, to proceed to grant a jury trial as hereinabove set forth and it is so adjudged, and the said respondents are further enjoined from proceeding with a non-jury trial. (3) That costs are hereby taxed in favor of petitioner, and against the respondents in the amount of $18.50 as and for the filing fee, together with $5 for service of process for each of two services, or total costs in the amount of $28.50. (4) That the mailing of this peremptory writ of mandamus and final judgment in mandamus to the state attorney for Dade County shall be sufficient service thereof.